# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>GARCIA, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01313-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 29) |

Plaintiff Marco A. Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants Garcia and Bursiaga for excessive force in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed January 3, 2019. (ECF No. 29.) Plaintiff requests that the Court appoint counsel to represent him due to his limited knowledge of the law, inability to afford counsel, lack of response from attorneys, the complexity of issues in this case, and Plaintiff's incarceration. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298

1

(1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving excessive force filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and gather evidence without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Throughout this action, Plaintiff has been able to prepare and file documents that clearly set forth his contentions, without assistance from counsel.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 29) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 8, 2019**          /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE