| | |
|---|---|
| MARCO A. GARCIA,<br><br>             Plaintiff,<br><br>   v.<br><br>GARCIA, et al.,<br><br>             Defendants. | Case No. 1:17-cv-01313-BAM (PC)<br><br>ORDER REINSTATING BRIEFING ON DEFENDANTS' MOTION TO COMPEL<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ORDER ON MOTION TO COMPEL<br>(ECF No. 36)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL<br>(ECF No. 35)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE<br>(ECF No. 34)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Marco A. Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants Garcia and Bursiaga for excessive force in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 5, 27.)

///

1

**I.      Motion to Compel and Motion for Order on Motion to Compel**

On July 10, 2019, Defendants filed a motion to compel discovery and request for award of sanctions. (ECF No. 31.) On July 11, 2019, the Court issued an order directing the parties to meet and confer regarding their discovery dispute, and to file a joint statement following the parties' conference. The Court stayed further briefing on Defendants' motion to compel. (ECF No. 32.)

On July 25, 2019, rather than filing a joint statement as directed, Defendants filed their own statement, with Plaintiff's statement attached as Exhibit 1. (ECF No. 33.) In their statement, Defendants indicate that the phone call between defense counsel and Plaintiff lasted approximately 15–20 minutes, during which Plaintiff repeatedly stated he had not responded to the discovery requests because he does not know how to, and he did not have any estimate as to when he could respond to the discovery. Plaintiff stated that he has access to a law library and a computer in prison but does not fully know how to use it. Defense counsel suggested to Plaintiff that for his portion of the joint statement, he write in plain English without being overly concerned that his writing was not "lawyer-like." Finally, Defendants indicate that none of the issues that were the subject of Defendants' pending motion to compel were resolved during the meet and confer, including the Special Interrogatories and Requests for Production of Documents propounded by both Defendants Bursiaga and Garcia. (Id. at 2–3; ECF No. 33-1, pp. 1–2.)

In Plaintiff's portion of the "joint" statement, Plaintiff states that during the call he explained that he is a non-attorney and he did not know how to respond to the requests. Plaintiff was also overwhelmed by the amount of paperwork he received and that most of what was requested was what Plaintiff requested and was told he could not have because he is an inmate. Plaintiff felt it would be a waste of time to respond to something Defendants should reasonably know he does not have and has no access to. Plaintiff specifically indicates that in the Kings County Jail, where the alleged incident occurred, they do not give inmates pictures of incidents or staff reports other than a write up, and there is no way to get copies of medical slips or things of that nature as an inmate. Furthermore, Plaintiff states that as he is no longer in the custody of Kings County, there is no way he can get medical records. Plaintiff also appears to state that

1 Defendants already have the records they are requesting.  Plaintiff repeats that he did not respond
2 because he did not understand the requests, and asks for more time to understand what he is
3 required to do to respond.  (ECF No. 33, p. 5.)

On March 26, 2020, Defendants' filed a motion for the Court to issue a ruling on the pending motion to compel, styled as an "Ex Parte Request for Order on Motion to Compel." (ECF No. 36.)  Plaintiff has not had the opportunity to file an opposition, but the Court finds a response to this motion unnecessary, and the motion is deemed submitted.  Local Rule 230(l).

Based on the statements submitted by the parties, it does not appear to the Court that the parties discussed any of the specific interrogatories or requests for production at issue in the motion to compel.  In particular, it is not clear whether Plaintiff raised his specific issues regarding his inability to obtain medical records or photographs as requested by Defendants during the parties' call, or if he did, whether defense counsel took those issues into consideration before deciding that none of the discovery requests raised in the motion to compel could be resolved without Court intervention.

Thus, the Court declines to issue a ruling on the motion to compel at this time.  Rather, having considered the representations of the parties, the Court finds it appropriate to reinstate briefing on Defendants' motion to compel to allow Plaintiff the opportunity to submit an opposition.  In his opposition, Plaintiff may raise objections that generally address how or why he is unable to respond to Defendants' discovery requests, or objections that are specifically directed to any of the individual interrogatories or requests for production of documents raised in the motion to compel.

**II.    Motion to Appoint Counsel**

On September 18, 2019, Plaintiff also filed a second motion to appoint counsel.  (ECF No. 35.)  In his motion, Plaintiff requests appointment of counsel due to his limited knowledge of the law, and because he does not know how to litigate and respond to Defendants' requests.  Plaintiff states he does not know how to conduct legal research and he is not computer literate, and his incarceration prevents him from conducting discovery, interviewing witnesses and having access to documents and discovery necessary to litigate this case.  (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving excessive force filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research, respond to discovery requests, and gather evidence without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Throughout this action, Plaintiff has been able to prepare and file documents that clearly set forth his contentions, without assistance from counsel.

**III. Motion to Amend Scheduling Order**

On August 5, 2019, Defendants submitted a motion to amend the scheduling order. (ECF No. 34.) Plaintiff did not file an opposition.

///

In the motion, Defendants request an extension of the discovery deadline from August 12, 2019 to September 13, 2019. (Id.) As this date has since expired, and the Court is ordering that briefing on the pending motion to compel be reinstated, the Court finds it appropriate to grant the motion, in part.

**IV. Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion to compel responses to discovery requests, (ECF No. 31);
2. Within **seven (7) days** from the date of filing in CM/ECF of Plaintiff's response or opposition to the motion to compel, Defendants may file a reply;
3. Defendants' motion for order on motion to compel, (ECF No. 36), is DENIED;
4. Plaintiff's motion to appoint counsel, (ECF No. 35), is DENIED without prejudice;
5. Defendants' motion to amend scheduling order, (ECF No. 34), is GRANTED IN PART; and
6. The discovery and dispositive motion deadlines set in the Court's December 12, 2018 discovery and scheduling order, (ECF No. 26), are VACATED and will be reset following resolution of Defendants' motion to compel.

IT IS SO ORDERED.

Dated: **March 27, 2020**         /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE