# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. GARCIA,<br><br>        Plaintiff,<br><br>   v.<br><br>GARCIA, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01313-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY AND REQUEST FOR AWARD OF SANCTIONS (ECF No. 31)<br><br>**THIRTY (30) DAY DEADLINE**<br><br>ORDER REQURING PLAINTIFF TO PAY REASONABLE EXPENSES INCURRED IN THE AMOUNT OF $615.00 AND STAYING ORDER IN LIGHT OF PLAINTIFF'S INDIGENCY<br><br>ORDER RESETTING DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>**Discovery Deadline: October 18, 2020**<br>**Dispositive Motion Deadline: December 18, 2020** |

## I.     Introduction

Plaintiff Marco A. Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendants Garcia and Bursiaga for excessive force in violation of the Eighth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF Nos. 5, 27.)

1       On April 9, 2019, Plaintiff was served with: Defendant Bursiaga's Special Interrogatories (Set One) and Request for Production of Documents (Set One) and Defendant Garcia's Special Interrogatories (Set One) and Request for Production of Documents (Set One).  (Declaration of Matthew P. Bunting, ECF No. 31-1, Exhibits 1–4.)  Plaintiff did not respond.  (Id. ¶ 7.)

      On June 5, 2019, defense counsel sent Plaintiff a letter stating that Defendants had not received Plaintiff's discovery responses, and that Defendants would pursue a motion for an order compelling response to the discovery and requesting monetary sanctions against him if he failed to respond to the discovery requests before June 21, 2019.  (Id., Exhibit 5.)  Plaintiff did not respond to the meet and confer letter.  (Id. ¶ 10.)  Defendants therefore filed the instant motion to compel on July 10, 2019.  (ECF No. 31.)

      On July 11, 2019, the Court issued an order directing the parties to meet and confer regarding their discovery dispute, and to file a joint statement following the parties' conference.  The Court stayed further briefing on the motion to compel.  (ECF No. 32.)

      On July 25, 2019, rather than filing a joint statement as directed, Defendants filed their own statement, with Plaintiff's statement attached as Exhibit 1.  (ECF No. 33.)  In their statement, Defendants indicate that the phone call between defense counsel and Plaintiff lasted approximately 15–20 minutes, during which Plaintiff repeatedly stated he had not responded to the discovery requests because he does not know how to, and he did not have any estimate as to when he could respond to the discovery.  Plaintiff stated that he has access to a law library and a computer in prison but does not fully know how to use it.  Defense counsel suggested to Plaintiff that for his portion of the joint statement, he write in plain English without being overly concerned that his writing was not "lawyer-like."  Finally, Defendants indicate that none of the issues that were the subject of Defendants' pending motion to compel were resolved during the meet and confer, including the Special Interrogatories and Requests for Production of Documents propounded by both Defendants Bursiaga and Garcia.  (Id. at 2–3; ECF No. 33-1, pp. 1–2.)

      In Plaintiff's portion of the "joint" statement, Plaintiff states that during the call he explained that he is a non-attorney and he did not know how to respond to the requests.  Plaintiff was also overwhelmed by the amount of paperwork he received and that most of what was

2

1 requested was what Plaintiff requested and was told he could not have because he is an inmate.
2 Plaintiff felt it would be a waste of time to respond to something Defendants should reasonably
3 know he does not have and has no access to. Plaintiff specifically indicates that in the Kings
4 County Jail, where the alleged incident occurred, they do not give inmates pictures of incidents or
5 staff reports other than a write up, and there is no way to get copies of medical slips or things of
6 that nature as an inmate. Furthermore, Plaintiff states that as he is no longer in the custody of
7 Kings County, there is no way he can get medical records. Plaintiff also appears to state that
8 Defendants already have the records they are requesting. Plaintiff repeats that he did not respond
9 because he did not understand the requests, and asks for more time to understand what he is
10 required to do to respond. (ECF No. 33, p. 5.)

11 On March 26, 2020, Defendants filed a motion for the Court to issue a ruling on the
12 pending motion to compel, styled as an "Ex Parte Request for Order on Motion to Compel."
13 (ECF No. 36.) Though Plaintiff had not had the opportunity to file an opposition, the Court found
14 a response unnecessary and deemed the motion submitted on March 27, 2020. (ECF No. 37.)
15 Based on the statements submitted by the parties, it did not appear that the parties discussed any
16 of the specific interrogatories or requests for production at issue, and declined to issue a ruling on
17 the motion to compel at that time. Instead, the Court found it appropriate to reinstate briefing on
18 the motion to compel to allow Plaintiff the opportunity to submit an opposition. In that order, the
19 Court also vacated the discovery and dispositive motion deadlines set in the Court's December
20 12, 2018 discovery and scheduling order. (Id.)

21 Plaintiff has failed to file an opposition to the motion to compel or otherwise
22 communicate with the Court, and the deadline to do so has expired. The motion is deemed
23 submitted. Local Rule 230(l).

24 **II.     Motion to Compel**

25 As discussed above, Plaintiff's statement following the parties' meet and confer stated that
26 he did not respond to Defendants' discovery requests due to his lack of legal experience and
27 resources and his uncertainty as to how to respond to the requests. (ECF No. 33, p. 5.) Though
28 the statement set forth several reasons for his inability to respond to discovery, they did not

3

address any of the specific requests at issue.  Thus, the Court provided Plaintiff with an opportunity to file an opposition to the motion to compel that could provide further information about Plaintiff's inability to respond to certain interrogatories or requests for production.  However, Plaintiff did not oppose the motion.

While the Court acknowledges Plaintiff's *pro se* status and his lack of legal resources, this alone does not provide Plaintiff with an excuse for failing to provide *any* responses to Defendants' discovery requests.  Plaintiff must respond to Defendants' interrogatories and requests for production to the best of his current ability.  If Plaintiff learns that one or more of his responses to Defendants' interrogatories or requests for production is incomplete or incorrect at some later date, then Plaintiff has a duty to serve Defendants with supplemental responses.  Fed. R. Civ. P. 26(e)(1)(A).

**A.     Interrogatories**

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing.  Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 33, 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made.  Evans v. Tilton, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).

As Plaintiff has failed to oppose the motion, he has presented no justification for his lack of response to Defendants' interrogatories.  Accordingly, the Court will grant Defendants' motion to compel responses to their interrogatories.  Plaintiff shall be required to answer the interrogatories separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).

**B.     Requests for Production**

Defendants are entitled to discovery regarding any nonprivileged matter relevant to the claims and defenses in this action.  Fed. R. Civ. P. 26(b)(1).  In responding to requests for production, Plaintiff must produce documents or other tangible things which are in his

"possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

Again, in failing to oppose the motion, Plaintiff has provided no justification for his lack of responses to Defendants' requests for production. Accordingly, the Court will grant Defendants' motion to compel responses to their requests for production of documents. Plaintiff shall be required to provide documents responsive to Defendants' requests without objections. Fed. R. Civ. P. 34(b)(2)(B).

**III.     Request for Sanctions**

If a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A) (quotation marks omitted). Before doing so, the Court must provide an opportunity to be heard and the Court shall not order payment if circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5) (quotation marks omitted).

Defendants argue that they have been prejudiced by Plaintiff's unwillingness to respond to discovery by his failure to provide information and the time and expense that has been spent addressing this issue. Defendants further contend that Plaintiff has failed to demonstrate that his failure to respond is substantially justified. Defendants contend that the meet and confer letter and motion to compel with supporting pleadings took approximately three hours of work at a rate of $205.00, totaling $615.00. (ECF No. 31, pp. 4–5.)

In this instance, Defendants' motion to compel was granted in full. The Court has reviewed the attorney's fees sought by Defendants and finds that three hours of time at a rate of $205.00 is reasonable.

Although Plaintiff is proceeding *pro se* and *in forma pauperis*, this status does not shield him from an award of expenses. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). However, the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed, and Plaintiff's *in forma pauperis* status suggests he is unable to pay monetary sanctions. See Thomas v. Gerber Prod., 703 F.2d 353, 357 (9th Cir. 1983).

### IV.     Discovery and Dispositive Motion Deadlines

Defendants further request that the Court extend the discovery deadline date to November 12, 2019. (ECF No. 31, p. 5.) However, as discussed above, the Court previously vacated the existing discovery and dispositive motion deadlines in this action. Now that the motion to compel has been resolved, the Court finds it appropriate to reset the applicable deadlines to afford Defendants enough time to bring any further motions that may become necessary regarding discovery, and to file subsequent dispositive motions.

### V.     Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, (ECF No. 31), is GRANTED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall serve answers to Defendant Bursiaga's Special Interrogatories (Set One) and to Defendant Garcia's Special Interrogatories (Set One);
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall produce documents responsive to Defendant Bursiaga's Request for Production (Set One) and to Defendant Garcia's Request for Production (Set One);
4. Defendants' request for sanctions, (ECF No. 31), is GRANTED;
5. Reasonable expenses in the amount of $615.00[1] are assessed against Plaintiff;

---

[1] $205.00/hour x 3 hours.

6. The order assessing reasonable expenses in the amount of $615.00 is stayed;

7. At any time prior to the closure of this action, Defendants may move to lift the stay and enforce the sanction upon a showing that Plaintiff has the ability to pay $615.00;

8. The deadline for completion of all discovery is extended to **October 18, 2020**;

9. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended to **December 18, 2020**;

10. If Plaintiff does not wish to continue with this litigation, he may stipulate with Defendants for a voluntary dismissal consistent with Federal Rule of Civil Procedure 41(a); and

11. **If Plaintiff fails to comply with this order, Defendants are not precluded from seeking appropriate sanctions, up to and including terminating sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(2).**

IT IS SO ORDERED.

Dated:   **June 19, 2020**                              /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE