# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GARCIA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01313-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 49)<br><br>ORDER IMPOSING EVIDENTIARY SANCTIONS REGARDING PLAINTIFF'S INTRODUCTION OF EXHIBITS AND WITNESSES AT TRIAL |

### I.    Introduction

Plaintiff Marco A. Garcia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Garcia and Bursiaga for excessive force in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 28.) This matter is set for a telephonic trial confirmation hearing on September 1, 2021, and a jury trial on November 1, 2021.

On May 18, 2021, the Court issued a second scheduling order directing Plaintiff to file his pretrial statement, any motion for attendance of incarcerated witnesses, and the names and locations of any unincarcerated witnesses who refuse to testify voluntarily on or before July 7, 2021. (ECF No. 48.) Plaintiff was advised that failure to comply with the procedures set forth in

1  that order may result in the preclusion of any and all witnesses. (*Id.* at 2.) Plaintiff was also
2  advised that the failure to file a pretrial statement as required by that order may result in the
3  imposition of appropriate sanctions, which may include dismissal of the action or entry of default.
4  (*Id.* at 4.)
5        Plaintiff failed to file a pretrial statement, motion for attendance of incarcerated witnesses,
6  and names and locations of unincarcerated witnesses by the applicable deadlines. Accordingly,
7  on July 21, 2021, the Court issued an order for Plaintiff to show cause by written response within
8  fourteen days why this action should not be dismissed, with prejudice, for failure to obey the
9  Court's order and for failure to prosecute. (ECF No. 49.)
10        Plaintiff filed a response on August 12, 2021. (ECF No. 53.) In his response, Plaintiff
11  states that he did not meet the deadline because he thought the deadline was for September and
12  misunderstood the instructions. Plaintiff states that before the pandemic he was receiving help
13  from the law library, however he has had no access to the law library as it was shut down.
14  Plaintiff does not know what a pretrial statement is or what it includes. Plaintiff argues that this
15  case should not be dismissed because there is a likelihood this case will be successful on the
16  merits. Plaintiff states that he also does not know how to file the motions to locate witnesses, nor
17  does he know their names or where they are located. (*Id.*)
18        Defendants have not yet had the opportunity to file a response, but the Court finds a
19  response unnecessary.
20  **II.   Failure to Prosecute and Failure to Obey a Court Order**
21      **A.   Legal Standard**
22        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
23  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
24  within the inherent power of the Court." District courts have the inherent power to control their
25  dockets and "[i]n the exercise of that power they may impose sanctions including, where
26  appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A
27  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
28  failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46

1   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
2   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
3   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
4   (dismissal for failure to comply with court order).

5         In determining whether to dismiss an action, the Court must consider several factors:
6   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
7   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
8   cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779
9   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

10        **B.**     **Discussion**

11        Based on Plaintiff's response to the order to show cause, the Court cannot find that he has
12  good cause for his failure to file his pretrial statement. Though Plaintiff states that he does not
13  know what a pretrial statement is or what it should include, the Court's May 18, 2021 second
14  scheduling order included a copy of Local Rule 281, which sets forth in detail the form and
15  contents of a pretrial statement. (ECF No. 48-1.) Thus, Plaintiff cannot plausibly argue that he
16  had no information regarding what to include in a pretrial statement.

17        Further, it is Plaintiff's responsibility to keep track of the deadlines in his own case.
18  While Plaintiff may have thought that his pretrial statement was due in September, there is no
19  indication that Plaintiff is currently working on drafting the pretrial statement or that one would
20  have been filed in September. Instead, Plaintiff states he does not know what a pretrial statement
21  is or how to prepare one, in spite of the Court providing guidance. Plaintiff also has not requested
22  an extension of time to file his pretrial statement, or requested any other form of relief other than
23  that the Court not dismiss this action.

24        In addition, the Court's warning to a party that failure to obey the court's order will result
25  in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at
26  1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's May 18, 2021 second
27  scheduling order expressly warned Plaintiff that his failure to file a pretrial statement as required
28  by the Court's order may result in the imposition of appropriate sanctions, which may include

1  dismissal of the action.  (ECF No. 48, p. 4.)  The Court's July 21, 2021 order to show cause
2  further warned Plaintiff that if he failed to file a response, or if his response did not demonstrate
3  good cause for his failure to file a pretrial statement, this matter would be dismissed.  (ECF No.
4  49, p. 2.)  Thus, Plaintiff had adequate warning that dismissal could result from his
5  noncompliance.

6  Nevertheless, the Court finds that less drastic sanctions than dismissal are available that,
7  will minimize the risk of prejudice to Defendants, will not further delay this case, and will allow
8  disposition of this case on the merits.  Because Plaintiff did not file a pretrial statement, he did not
9  disclose to Defendants any of the witnesses or exhibits he plans to introduce at trial.  Thus, the
10 Court finds that Plaintiff will be precluded from introducing any exhibits or witnesses at trial,
11 aside from his own testimony, the testimony of Defendants, or any exhibits included in
12 Defendants' pretrial statement.  In addition, the Court deems as admitted the facts listed in the
13 "Undisputed Facts" of Defendants' pretrial statement.[1]  Fed. R. Civ. P 16(c)(2).  Thus, by
14 precluding this evidence and deeming Defendants' "Undisputed Facts" as admitted, Defendants
15 will not be prejudiced by Plaintiff's failure to disclose the evidence he plans to introduce at trial.

16 Further, as it appears that Plaintiff does not know the names or locations of any witnesses
17 he might have planned to introduce at trial, the Court finds that this sanction is not overly severe.
18 The Court notes that the claims in this case involve whether Defendants used excessive force
19 against Plaintiff, and Plaintiff's own testimony is likely to be the most central evidence to his
20 case.  Thus, a trial will still enable the parties to dispose of this matter on the merits.  *See*
21 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (public policy favors disposition on the
22 merits).

23 Finally, as Plaintiff has already missed the deadline to file his pretrial statement and
24 motions for incarcerated and unincarcerated witnesses, and he has not requested extensions of any
25 of those deadlines, the Court does not find that additional time is necessary and is prepared to

---

[1] a) The alleged events occurred while Plaintiff was housed in the Kings County Jail on April 13, 2017; b) Defendant Deputy Ruben Garcia performed a pat down search of Plaintiff; and c) It appeared that Plaintiff was attempting to swallow something while Deputy Garcia was performing the pat down search.  (Doc. 52, p.1.)

4

proceed with the telephonic trial confirmation hearing as scheduled. Thus, there will be no delay in the proceedings, and the Court will proceed based on Defendants' pretrial statement, which was filed on August 4, 2021. (ECF No. 52.)

### III.  Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The Court's July 21, 2021 order to show cause, (ECF No. 49), is DISCHARGED;
2. The Court imposes evidentiary sanctions due to Plaintiff's failure to file a pretrial statement in compliance with the Court's May 18, 2021 second scheduling order;
3. Plaintiff is precluded from introducing any exhibits or witnesses at trial, aside from his own testimony, the testimony of Defendants, or any exhibits included in Defendants' pretrial statement, as discussed above;
4. The Court deems as admitted the facts listed in the "Undisputed Facts" of Defendants' pretrial statement;
5. All deadlines and requirements set forth in the Court's May 18, 2021 second scheduling order remain in effect; and
6. **Plaintiff's failure to appear at the September 1, 2021 telephonic trial confirmation hearing will result in dismissal of this case, with prejudice, for failure to prosecute**.

IT IS SO ORDERED.

Dated:   **August 16, 2021**              /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE