# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. GARCIA, | Case No.  1:17-cv-01313-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE |
| v. | (ECF No. 57) |
| GARCIA, *et al.*, | |
| Defendants. | |

Plaintiff Marco A. Garcia ("Plaintiff") is a former pretrial detainee and current state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 28.)  This action is confirmed for a jury trial on November 1, 2021, and proceeds on Plaintiff's Fourteenth Amendment claims against Defendants Garcia and Bursiaga for excessive force.

On September 17, 2021, Defendants filed motions in limine.  (ECF No. 57.)  Plaintiff did not file motions in limine or an opposition to Defendants' motions in limine.  Defendants' motions were heard before the undersigned on October 18, 2021.  Plaintiff appeared telephonically on his own behalf, and James Weakley appeared telephonically on behalf of Defendants.  As discussed on the record, although Plaintiff did not respond in writing, argument was heard from all parties on the motions at the hearing.  The motions are deemed submitted. Local Rule 230(l).

1

1    **I.     Motions in Limine**

2        **A.     Standard**

3        A party may use a motion in limine to exclude inadmissible or prejudicial evidence before

4    it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "[A]

5    motion in limine is an important tool available to the trial judge to ensure the expeditious and

6    evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Servs.*,

7    115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary

8    disputes before trial and avoids potentially prejudicial evidence being presented in front of the

9    jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of

10   prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

11       Motions in limine that exclude broad categories of evidence are disfavored and such

12   issues are better dealt with during trial as the admissibility of evidence arises. *See, e.g.*, *Brown v.*

13   *Kavanaugh*, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013)

14   (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also In*

15   *re Homestore.com Inc.*, No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan.

16   25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of

17   evidence, as the court is almost always better situated to rule on evidentiary issues in their factual

18   context during trial"); *see cf. Oracle Am. Inc. v. Google Inc.*, No. C 10–03561 WHA, 2012 WL

19   1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was

20   unwarranted). Additionally, some evidentiary issues are not accurately and efficiently evaluated

21   by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when

22   the trial judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at

23   440.

24       **B.     Defendants' Motions in Limine**

25       For the reasons discussed at the hearing, each of Defendants' motions in limine are

26   granted, as indicated below:

27   ///

28   ///

2

1.   **Evidence Concerning Hearsay Statements Made by Correctional or Medical Staff at the Kings County Jail**

Defendants' motion to preclude Plaintiff from testifying with respect to any hearsay statements made by correctional or medical staff at the Kings County Jail, either at the time of the incident or after, is GRANTED.

2.   **Evidence Concerning Kings County Jail Policies and Procedures and/or Standards in Corrections**

Defendants' motion to preclude Plaintiff from testifying with respect to Kings County Jail policies and procedures, including policies and procedures of medical or mental health staff, as well as any requirements of Title 15 of the California Code of Regulations with respect to standards for local detention facilities, or any other state or federal rule, regulation, statute, or law, is GRANTED.  As a non-expert witness, Plaintiff may testify as to matters in his personal experience, including what happened to him, what he saw, how he felt, and any issues or feelings he has experienced.  However, Plaintiff may not testify as to any matter which requires scientific, technical, or other specialized knowledge.

3.   **Evidence Concerning the Content of Various Kings County Jail Documents**

Defendants' motion to preclude Plaintiff from testifying as to the contents of any jail or medical records, unless previously admitted into evidence, is GRANTED.

4.   **Preclusion of Plaintiff Arguing Issues Dismissed by Court**

Defendants' motion to preclude Plaintiff from arguing issues and/or claims that were dismissed by the Court in its screening order is GRANTED.

5.   **Evidence Concerning Facts Related to the Criminal Charges Filed Against Plaintiff as a Result of the Incident**

Defendants' motion to exclude any and all evidence, references to evidence, testimony, or arguments on any matters relating to the criminal preliminary hearing regarding the charges that were brought as a result of this incident, is GRANTED.

6. **Evidence Concerning Plaintiff's Appearance on a Podcast and Article that He Wrote Regarding His Lawsuit**

Defendants' motion to preclude Plaintiff from introducing into evidence any testimony relating to his appearance on "Pelican Bay Unlocked," a prison podcast, or referring to his article that he wrote in a newsletter called California Prison Focus Civil Rights Activist Newsletter regarding this case, is GRANTED.

7. **Evidence Concerning Hearsay Statements about Defendants**

Defendants' motion to preclude Plaintiff from introducing any hearsay statements regarding the Defendants, specifically that Plaintiff had heard that Deputy Bursiaga played football in high school and then heard him joke about using steroids to "beef up," is GRANTED.

8. **Evidence Concerning Plaintiff's Impression Regarding Other Inmates Being Searched During the Raid**

Defendants' motion to preclude Plaintiff from testifying to his impression of the inmates' feelings as they were being searched during the raid that led to the alleged incident, is GRANTED.[1]

9. **Preclusion of Plaintiff Arguing Issues During Testimony**

Defendants' motion to preclude Plaintiff from arguing issues during his trial testimony, is GRANTED.

**II.    Other Matters**

As more fully discussed on the record, on the first day of trial, the Court expects to confirm with the parties which exhibits, if any, are joint exhibits.

IT IS SO ORDERED.

Dated:   **October 18, 2021**                    /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that, as discussed on the record, any reference to a "blood draw" in Defendants' motion is a clerical error.