1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. GARCIA, | Case No.  1:17-cv-01313-BAM (PC) |
| Plaintiff, | ORDER DISCHARGING NOVEMBER 3, 2021 ORDER FOR THE WARDEN OF PELICAN BAY STATE PRISON TO APPEAR ON NOVEMBER 16, 2021 TO SHOW CAUSE FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| GARCIA, *et al.*, | (ECF No. 71) |
| Defendants. | |
| | ORDER VACATING SHOW CAUSE HEARING SET FOR NOVEMBER 16, 2021 |
| | ORDER DIRECTING CLERK OF COURT TO SERVE A COPY OF THIS ORDER ON SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON, THE WARDEN OF PELICAN BAY STATE PRISON, AND THE LITIGATION COORDINATOR AT PELICAN BAY STATE PRISON |

## I.    Introduction

Plaintiff Marco A. Garcia ("Plaintiff") is a former pretrial detainee and current state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Garcia and Bursiaga for excessive force in violation of the Fourteenth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 28.)  The jury trial in this matter was originally set for November 1, 2021,

1

1    and was continued to November 30, 2021 after Plaintiff appeared for trial on November 1, 2021

2    without his legal property.  (ECF No. 67.)

3    **II.      Order to Show Cause Regarding Plaintiff's Transport and Legal Property**

4         On September 28, 2021, the Court issued an order and writ of habeas corpus ad

5    testificandum directing the Warden of Pelican Bay State Prison to produce Plaintiff to appear in

6    person for the November 1, 2021 jury trial in this matter, along with any of Plaintiff's necessary

7    legal property.  (ECF No. 59.)

8         The Court attempted to commence jury trial on the date and time ordered.  (ECF No. 68.)

9    However, Plaintiff stated, on the record, that he had alerted officers at Pelican Bay State Prison

10   ("PBSP") before he was transported that he required his legal property to be transported with him

11   to California Substance Abuse Treatment Facility ("SATF") for trial in this case.  (ECF No. 71.)

12   However, Plaintiff's legal property was transpacked with the remainder of his property, and his

13   legal property did not accompany him in the transport from PBSP.  Plaintiff stated that he would

14   be unable to proceed with trial without the specific materials he had prepared for trial and which

15   were currently unavailable to him.  The transporting officers accompanying Plaintiff from SATF

16   stated that Plaintiff's property at PBSP could not be obtained in a timely fashion.  (*Id.*)

17        Given this information, the Court found it necessary to continue the jury trial in this

18   matter.  (ECF No. 67.)  On November 3, 2021, the Court also issued an order for the Warden of

19   PBSP to appear before the undersigned to show cause why sanctions, including monetary

20   sanctions or contempt, should not be imposed for the failure to comply with an order of the Court

21   regarding transportation of Plaintiff and his necessary legal property.  (ECF No. 71.)  The Warden

22   was permitted to submit a written response to the Court's order to show cause.  (*Id.*)

23   **III.     Warden's Response to Order to Show Cause**

24        Warden J. Robertson filed a response by special appearance on November 9, 2021.  (ECF

25   No. 77.)  The response includes the declarations of seven correctional officers and staff, all signed

26   under penalty of perjury, detailing the steps taken before, during, and after Plaintiff's transport

27   from PBSP to SATF to ensure that he was in possession of his necessary legal property for trial.

28   (*Id.*)  Warden Robertson argues that his investigation into Plaintiff's transfer and the status of his

legal property reveals evidence that shows that Warden Robertson and his staff did not act in bad faith, and Plaintiff was transferred from PBSP with all legal property he informed PBSP staff that he needed for his temporary transfer to SATF for his appearance before the Court.

Specifically, the declarations filed in support of Warden Robertson's response indicate that on October 22, 2021, Officer Lor packed Plaintiff's property with Plaintiff in the rotunda of Plaintiff's housing unit.  (Lor Decl. ¶ 4.)  Officer Lor instructed Plaintiff to pack his property, and he told Plaintiff to separate his legal property from everything else.  (*Id.* ¶ 3.)  Officer Lor had Plaintiff pack his legal property into a separate bag, (*id.*), and completed an Inmate Property Inventory (CDCR Form 1083) and noted that Plaintiff's property included one large plastic bag of legal property, (*id.* ¶ 4, Ex. A).  Plaintiff signed the form indicating that the property listed on the form consisted of all of his property.  (*Id.* ¶ 4.)  After the property was packed, Officer Lor took it to R&R for processing.  (*Id.* ¶ 5.)

Officer Laguna is assigned to work in R&R at PBSP, where he is responsible for processing inmates arriving to and departing from PBSP, as well as their property.  (Laguna Decl. ¶ 1.)  On October 28, 2021, Plaintiff was brought to PBSP's R&R to be transported to a different institution for a court appearance.  (*Id.* ¶ 2.)  Officer Dibble and Officer Douglas, who are assigned to the statewide transportation team, met Plaintiff in PBSP's R&R to transport him to a court appearance.  (Dibble Decl. ¶¶ 1–2; Douglas Decl. ¶¶ 1–2.)  Plaintiff was already carrying an envelope of legal property, and Officers Dibble and Douglas asked Plaintiff if he had any property to take with him.  (Dibble Decl. ¶ 2; Douglas Decl. ¶ 2.)  Plaintiff stated that he had another box of legal property that he needed in the boxes that had been packed up for storage in PBSP's R&R while Plaintiff was out to court.  (Dibble Decl. ¶ 2; Douglas Decl. ¶ 2; Laguna Decl. ¶ 4.)  Officer Laguna told Plaintiff that none of the property was separated, but out of an abundance of caution and to ensure that Plaintiff had all of the legal materials he needed for his court appearance, Officer Laguna opened Plaintiff's boxes to locate any legal property.  (Laguna Decl. ¶ 4.)  Officer Laguna located four or five large envelopes that appeared to contain legal materials, as well as a legal textbook.  (*Id.*)  Officer Laguna placed all of the items into another box, put another label on it, and gave it to the transportation team so that it would be transported

with Plaintiff to the destination institution.  (*Id.*; Dibble Decl. ¶ 2; Dougls Decl. ¶ 2.)  Upon receiving the additional box of legal property, Plaintiff appeared satisfied, and Plaintiff did not tell Officer Dibble or Officer Douglas that he had any additional legal property that he needed to take with him, or that anything was missing.  (Dibble Decl. ¶ 2; Douglas Decl. ¶ 2.)  The transportation officers then completed a Property Transfer Receipt, noting that Plaintiff was being transported with one box and one envelope of legal property.  (Laguna Decl. ¶ 4; Dibble Decl. ¶ 2; Douglas Decl. ¶ 3, Ex. A.)

Officer Dibble and Officer Douglas transported Plaintiff to the Correctional Health Care Facility on October 28, 2021, where he was transferred to another bus to complete his trip to SATF.  (Dibble Decl. ¶ 3; Douglas Decl. ¶ 4.)  Plaintiff took the box and the envelope of legal property with him when he transferred buses.  (*Id.*)

Officer Castillo is assigned to work in R&R at SATF, where he is responsible for processing inmates arriving to and departing from SATF, as well as their property.  (Castillo Decl. ¶ 1.)  On October 28, 2021, when Plaintiff arrived at SATF's R&R, he inquired about receiving his property, and Officer Castillo noted that Plaintiff arrived to SATF with a Property Transfer Receipt indicating that he had been transferred from PBSP with a box and an envelope of legal property.  (*Id.* ¶ 2.)  Officer Castillo issued the box and the envelope to Plaintiff, stamped the Receipt form as received, and both Officer Castillo and Plaintiff signed the Receipt to show that Plaintiff received the property upon his arrival to SATF.  (*Id.* ¶ 2, Ex. A.)  Plaintiff told Officer Castillo that the property issued was not all of his property, and stated that he needed his property for court, but did not complain that he was missing anything specific.  (*Id.* ¶ 3.)  However, Plaintiff seemed satisfied that the property Officer Castillo issued to Plaintiff on October 28, 2021 was all of the property with which he was transferred.  (*Id.*)

Officer Reeder is assigned to the transportation team at SATF, where she is responsible for transporting inmates between institutions, as well as out to court and to medical appointments.  (Reeder Decl. ¶ 1.)  On November 1, 2021, Officer Reeder picked Plaintiff up from medical and transported Plaintiff from SATF to the Federal District Court in Fresno for a court appearance.  (*Id.* ¶ 2.)  The only item Plaintiff took with him was a case for his glasses.  (*Id.*)  Before leaving

4

1   SATF for the courthouse, Officer Reeder does not recall Plaintiff saying anything to her about

2   needing his legal property or being transferred from PBSP to SATF without his legal property.

3   (*Id.*)  However, upon arriving at the courthouse, Plaintiff told the U.S. Marshal's Office that he

4   did not have his legal property with him.  (*Id.* ¶ 3.)  Plaintiff stated that he was transferred to

5   SATF with no property whatsoever, and that all of his property had been packed and was being

6   stored at PBSP.  (*Id.*)

7         On November 1, 2021, following Plaintiff's appearance before the Court, PBSP R&R

8   Officer Lueckfeld received an email from PBSP Classification and Parole Representative J. Ryan

9   stating that Plaintiff had been transported to court in Fresno that day, but that he did not have the

10   property he needed to proceed.  (Lueckfeld Decl. ¶ 2.)  The email further requested that all of

11   Plaintiff's property be sent to SATF as soon as possible.  (*Id.* ¶ 2.)  Plaintiff had six boxes of

12   property being stored in PBSP's R&R, and on November 2, 2021, Officer Lueckfeld documented

13   those six boxes of property on a Property Transfer Receipt.  (*Id.* ¶ 4, Ex. A.)  On November 2,

14   2021, Officer Lueckfeld scheduled Plaintiff's six boxes of property for a Fed Ex shipment from

15   PBSP to SATF.  (*Id.* ¶ 5, Ex. B.)  The tracking number for the shipment shows that it will be

16   delivered to SATF by the end of the day on November 10, 2021.  (*Id.*)  Plaintiff's six boxes of

17   property were already sealed when Officer Lueckfeld prepared them for Fed Ex shipment, and

18   Officer Lueckfeld did not open the boxes or otherwise look through them to determine what items

19   were inside.  (*Id.* ¶ 6.)  All property that was being stored in PBSP's R&R for Plaintiff was sent to

20   SATF, regardless of whether it was legal in nature, out of an abundance of caution.  (*Id.*)

21   **IV.    Discharge of Order to Show Cause**

22         Upon review of the evidence provided in support of Warden Robertson's response, the

23   Court finds it appropriate to discharge the order to show cause and to vacate the corresponding

24   show cause hearing. It appears from the evidence presented by the Warden that he or his

25   representatives took appropriate steps to ensure that Plaintiff's legal property accompanied

26   Plaintiff for trial.  Plaintiff was first responsible for separating his necessary legal property on

27   October 21, 2021, when Officer Lor completed the Inmate Property Inventory and indicated that

28   Plaintiff had one large plastic bag of legal property.  (Lor Decl. ¶ 3, Ex. A.)  Plaintiff signed the

5

1   form.  (*Id.*)  When Plaintiff arrived at PBSP's R&R on October 28, 2021, carrying an envelope of

2   legal materials, he indicated that he was missing other legal property.  Officer Laguna took steps

3   to search for and locate four or five additional envelopes of legal property and a legal textbook,

4   and packed those items in another box to be transported with Plaintiff.  Plaintiff appeared

5   satisfied with the additional legal property and did not say anything else to PBSP staff about

6   missing additional legal materials for court.  (Dibble Decl. ¶ 2; Douglas Decl. ¶ 2; Laguna Decl.

7   ¶ 4.)  Officer Douglas completed a Property Transfer Receipt reflecting that Plaintiff was being

8   transported with one box and one envelope of legal materials, and Plaintiff signed the same

9   Property Transfer receipt when he arrived at SATF, indicating that he received that legal property

10  at the conclusion of his transport.  (Douglas Decl. ¶ 3, Ex. A; Castillo Decl. ¶ 2, Ex. A.)  Thus, the

11  Warden has presented sufficient evidence that he complied with the Court's Writ.

12          It also appears that as of November 10, 2021, Plaintiff will be in possession of all of his

13  property, legal and non-legal, that was previously stored at PBSP.  (Lueckfeld Decl. ¶¶ 5–6, Exs.

14  A, B.)

15          Based on the foregoing, the Court does not find any bad faith on the part of Warden

16  Robertson or his staff during Plaintiff's transport and property transfer.  On the contrary, the

17  Court finds the evidence highly credible of Plaintiff's transport and the transfer of Plaintiff's legal

18  property from PBSP to SATF.  Warden Robertson and staff at PBSP and SATF showed diligence

19  and good faith throughout the process of Plaintiff's transport, and the Plaintiff was transported to

20  SATF with all of the legal property he requested.  When Plaintiff expressed concerns about not

21  possessing all of his legal materials at PBSP, officers responded appropriately and located

22  additional legal property to be transported with Plaintiff.  At no point in the transport did Plaintiff

23  indicate that he was missing any further materials until he arrived at the courthouse for trial.  The

24  Court appreciates the comprehensive compilation of evidence and explanation of the events that

25  occurred, and the promptness with which the Warden's response to the Court's order was

26  prepared.

27          To the extent Plaintiff arrived at the courthouse on November 1, 2021 without the legal

28  materials he needed to proceed with trial, this was not attributable to any actions or inactions on

6

the part of PBSP or SATF staff members.

**V.      November 30, 2021 Trial**

As it appears that Plaintiff will remain housed at SATF until the new trial date, and that he will soon be in possession of the entirety of his legal and non-legal property, **Plaintiff is admonished that the Court fully intends to proceed with trial on November 30, 2021**.  If Plaintiff arrives at the courthouse on November 30 and states that he does not have his necessary legal property, the Court will not continue the trial date again.  Plaintiff will be required to litigate his case before the jury with whatever materials he has brought with him to court.

**VI.      Order**

Based on the foregoing, it is HEREBY ORDERED as follows:

1.   The November 3, 2021, order to show cause, (ECF No. 71), is DISCHARGED;

2.   The show cause hearing set for November 16, 2021 at 1:30 p.m., is VACATED; and

3.   The Clerk of the Court is directed to serve a courtesy copy of this order on Senior Assistant Attorney General Monica Anderson, the Warden of Pelican Bay State Prison, and the Litigation Coordinator at Pelican Bay State Prison.

IT IS SO ORDERED.

Dated:   **November 10, 2021**              ___/s/ *Barbara A. McAuliffe*___
                                        UNITED STATES MAGISTRATE JUDGE